UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Larry Keith Childers, #242265, | ) C/A No. 2:10-678-HFF-RSC |
|---|---|
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Warden McCall/SCDC, | ) |
| Respondent. | ) |

The petitioner, Larry Keith Childers ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC). The instant petition is untimely, and is therefore subject to summary dismissal.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v.*

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

*Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, see *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, however, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

<u>Background and Discussion</u>

With respect to his conviction and sentence, a petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after a petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241).

The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner was convicted and sentenced January 7, 2003 in York County. He did not file a direct appeal. Therefore, the date on which the challenged judgment became final was January 17, 2003. *See* South Carolina Court Rules, Rule 203(b)(2) Time for Service, Appeals From the Court of General Sessions and Rule 263 (time computation). Petitioner reports that he filed an application for

3

Post-Conviction Relief (PCR) December 4, 2003, which was denied September 14, 2007. Petitioner says the S.C. Supreme Court denied his writ for certiorari November 23, 2009. Therefore, three hundred twenty-one (321) days, almost eleven months, lapsed between the date that Petitioner's conviction became final and his PCR application. Then, Petitioner allowed one hundred thirteen (113) days, or over three months, to lapse after the S.C. Supreme Court denied his writ for certiorari before filing the instant petition, which was filed March 16, 2010. **Therefore, it appears four hundred thirty-four (434) days, or over a year and two months have lapsed since Petitioner's conviction became final, putting this petition outside of the limitations period.**

A doctrine of equitable tolling sometimes applies to the statute of limitations, based on "extraordinary circumstances" beyond the inmate's control which cause delay. *Bilodeau v. Angelone*, 39 F.Supp.2d 652, 659 n.1 (E.D.Va. 1999). However, in the instant petition, no equitable tolling argument is presented that could toll the limitations period. When given the opportunity to discuss the timeliness of the petition, Petitioner only replies "[t]he one-year period of limitations does not apply because I have not used the year of total time without some state court action filed and pending." Petition at 13. As discussed above, however, Petitioner's assertion that the limitations period does not apply to him is incorrect.

Therefore, Petitioner was given the opportunity by Order of the undersigned dated March 24, 2010, to show cause why his case should not be dismissed on timeliness grounds. However, Petitioner failed to reply to the order to show cause, and thus has presented this Court with no argument in favor of equitable tolling.

Conclusion

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* as untimely, *without requiring the respondents to file a return*. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that Petitioner's claims are either barred from review or without merit); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

April 29, 2010
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

Petitioner's attention is directed to the important notice on the following page.

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).